## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BERNARD BEWRY,<br>        Plaintiff, | No. 3:13-cv-178 (SRU) |
| v. | |
| GLORIA BELLACICCIO, et al.<br>        Defendants. | |

## MEMORANDUM OF DECISION

On March 9, 2016, I held a motion hearing regarding the defendants' motion for summary judgment (doc. # 53) in this consolidated case.[1]  As discussed on the record, I dismissed the claims that Bernard Bewry had voluntarily abandoned.  Furthermore, I dismissed all claims brought initially in the *Bewry v. Brighthaupt*, 3:13-cv-647 (SRU), matter for failure to exhaust the available administrative remedies.  Finally, with respect to the claims brought initially in *Bewry v. Bellaciccio*, 3:12-cv-178 (SRU), I granted defendants' motion for summary judgment on the claims of an unconstitutional strip search and I denied the motion with respect to the allegation of excessive force used to initially subdue Bewry on January 9, 2012.  For clarity, I summarize my reasons for the ruling that I already entered on the record.

### I.      Voluntarily Abandoned Claims

First, I dismissed the claims that Attorney McGuigan conceded his client had voluntarily abandoned.  Those included all claims against Officer Glover, Nurse Estrom, and Dr. Ruiz, and all claims of supervisory liability against Warden Brighthaupt and Captain Johnson.

---

[1] The hearing was conducted on the record via telephone conference because the parties were unable to attend in person.  The participating parties were Ryan McGuigan, attorney fot the plaintiff, Bernard Bewry, and James Caley, attorney for the defendants, Warden Brighthaupt, Captain Johnson, Lts. Jinks and Frazer, Officers Bellaciccio, Capega, Kontalis, St. Pierre, Mulligan, Dellano, and Glover, Nurse Estrom, and Dr. Ruiz.  The exact spellings of certain of the defendants' names are a bit unclear from the record.  For example, Officers Dellano and Mulligan are also referred to in Bewry's complaint as Delawno and Mullegan, respectively.

Additionally, Bewry abandoned all claims relating to allegations that officers touched his private parts during the strip search, that they interfered with his legal mail, or that they held him in unconstitutional conditions of confinement during his 7-day punitive segregation as a result of the January 9, 2012 incident.  Further, he abandoned any claim that his due process rights were violated by being asked to attend a disciplinary hearing without access to his reading glasses or an advocate.  Finally, he abandoned any claims for declaratory relief.  Accordingly, those claims were dismissed with prejudice.

## II.      Claims initially brought in *Bewry v. Brighthaupt*, 3:13-cv-647 (SRU)

The claims initially alleged in *Bewry v. Brighthaupt*, 3:13-cv-647 (SRU), arose out of the 49-day period that Bewry was assigned to punitive segregation, from September 27, 2012 to November 14, 2012.  Those claims became a part of this action when the two matters were consolidated on January 27, 2014.  With respect to such claims, Bewry filed an action in federal court before exhausting his administrative remedies.  Though Bewry contends that he filed a grievance on November 14, 2012, he admits that he did not appeal the failure to respond to that grievance.  Further, he does not provide sufficient evidence for a reasonable jury to conclude that he was denied access to the administrative process after November 14, 2012.  Accordingly, he is not excused for his failure to exhaust his administrative remedies.  *See Yeldon v. Ekpe*, 159 F. App'x 314, 316 (2d Cir. 2005); *Veloz v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004), *aff'd*, 178 F. App'x 39 (2d Cir. 2006).  As a result, I dismissed all claims arising out of this matter.  The dismissal was without prejudice to filing a supplemental memorandum on or before March 23, 2016, in which Bewry can explain why the dismissal should not be with prejudice. Failure to file a supplemental memorandum will result in dismissal with prejudice on the claims initially brought in *Bewry v. Brighthaupt*, 3:13-cv-647 (SRU).

2

### III.    Claims initially brought in *Bewry v. Bellaciccio*, 13-cv-178 (SRU)

The remaining claims alleged in the instant matter arise out of events that occurred on January 9, 2012.  Of those claims, I granted defendants' motion for summary judgment with respect to the claim that officers violated Bewry's Eighth Amendment rights when they conducted a strip search on January 9, 2012.  I held that the evidence was insufficient for a jury to reasonably conclude that the strip search was performed for an improper purpose or in an improper manner.  *See Davila v. Messier*, No. 3:13-CV-81 (SRU), 2014 WL 4638854, at *5-6 (D. Conn. Sept. 17, 2014).  I denied defendants' motion for summary judgment on Bewry's claim that excessive force was used to subdue him after he allegedly failed to comply with Officer Bellaciccio's orders to return to his housing unit on January 9, 2012.  I held that there was evidence sufficient for a jury to conclude that the defendants' use of force was unreasonable under the circumstances presented to them.  *See Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999); *Sidney v. Wilson*, No. 03 CIV. 0830 (HBP), 2007 WL 4208626, at *5 (S.D.N.Y. Nov. 21, 2007).  Because all other claims were dismissed—either by my ruling or by abandonment—I ordered all parties who did not participate in the January 9, 2012 "takedown" to be terminated from this case.  The officers involved in that incident were Officers Bellaciccio, Capega, Kontalis, St. Pierre, and Lt. Jinks.[2]  Accordingly, they are the only remaining defendants in the case.  All other defendants: Warden Brighthaupt, Captain Johnson, Lt. Frazer, Officers Mulligan, Dellano, and Glover, Nurse Sheryl Estrom, and Dr. Ruez, are terminated from the case.

So ordered.

Dated at Bridgeport, Connecticut, this 10th day of March 2016.

---

[2] I rejected defendants' contention that the claims relating to St. Pierre and Lt. Jinks fell outside the scope of Bewry's grievance and thus were not properly exhausted.  Construing the grievance broadly, I held that the defendants' were sufficiently put on notice of the claims against them.  *See Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004).

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge